IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAVIER PEREZ MEZA,
*Petitioner*,
v.

MARKWAYNE MULLIN, *et al.*,
*Respondents*.

1:26-cv-1397-MSN-WBP

ORDER

Javier Perez Meza ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I), its regulations (Count II and III[1]), and his due process rights (Count IV).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. In response to the Court's Order of May 26, 2026 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025). ECF 4. However, upon further consideration of the Petition and Federal Respondents' supplemental submission of May 28, 2026 (ECF 7), the Court finds that Petitioner's humanitarian parole has not

[1] Count III is mislabeled as a second Count II.

been properly revoked. Accordingly, the Court will GRANT the Petition and ORDER that Petitioner be immediately released from immigration detention.

## I. BACKGROUND

Petitioner is a citizen of Mexico. ECF 1 ¶ 24. He entered the United States with his family on May 4, 2024, after being granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A) and has resided here since that time. *Id.* Petitioner's humanitarian parole is stamped "[u]ntil 5/14/2024" and on May 14, 2024, Petitioner received a credible fear interview, which resulted in a negative determination by a USCIS officer. ECF 1-2; ECF 1 ¶ 25. The fear determination was then submitted for review by an immigration judge, who apparently did not review the determination but rather "closed the case," set Petitioner in standard removal proceedings, and set his first master calendar hearing on June 2, 2026. ECF 1 ¶ 25. Petitioner was not previously detained and has presented himself for regular check-ins at the ICE office in Arlington. *Id.* Recently, Petitioner was stopped by local police along with other workers while driving in Winchester, Virginia, and he was subsequently arrested by ICE and detained at the Farmville Detention Center. *Id.* ¶ 26.

In response to this Court's order of May 28, 2026, directing Federal Respondents to "inform the Court of the status of Petitioner's humanitarian parole, including whether they have revoked it and any relevant documents to such effect," ECF 7, Federal Respondents have produced no new documents but state only that "Petitioner's parole automatically terminated on May 14, 2024," as indicated by the date stamp on Petitioner's parole. ECF 8.

## II. DISCUSSION

Although the Petition framed the permissibility of Petitioner's detention as a matter of whether he was entitled to a bond hearing under 8 U.S.C. § 1226(a) or subject to mandatory detention under 8 U.S.C. § 1225(b)(2), the issue here is more fundamental. Petitioner was paroled

into the United States under 8 U.S.C. § 1182(d)(5)(A), and Federal Respondents have now confirmed to the Court that nothing but the passage of time (i.e., ten days after the issuance of Petitioner's parole), has revoked that parole, even while he has remained free in the United States for two years since his entry. This Court and others within this district have recognized that it is impermissible to "revoke Petitioner's parole and detain[] him but without any notice, hearing[,] or individualized consideration of Petitioner's circumstances or whether the purposes of parole [have] been accomplished that the regulations and due process require." *Omari v. Lyons*, ECF 9, No. 1:25-cv-2483-MSN-WBP (E.D. Va. Feb. 17, 2026) (citing, e.g., *Pineda-Berrios v. Lyons, et al*, ECF 13, No. 1:25-cv-2332-LMB-LRV (E.D. Va. Feb. 11, 2026); 8 C.F.R. § 212.5(e)). It further "strains credulity to contend that [the ten day time limitation on Petitioner's parole stamp] adequately protected his liberty interest in remaining out of custody," given the amount of time that Petitioner has been free within the United States, and given that Petitioner's parole was "premised on the determination that he did not pose a safety risk or a flight risk." *Pineda-Berrios*, slip. op. at *12.

Petitioner's current detention is thus impermissible, and he must be released from immigration detention immediately.

## III. CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is further

ORDERED that Federal Respondents release Petitioner from custody with all of his personal property subject to the conditions of his existing parole, except for May 14, 2024, time limitation; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and

are ENJOINED from rearresting Petitioner unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with the conditions of parole, except for the one-year limitation; or (3) his parole has been lawfully revoked in a manner consistent with 8 C.F.R.§ 212.5(e).

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

June 10, 2026
Alexandria, Virginia